No. 25-3700

In the
United States Court of Appeals
For the Sixth Circuit

_____

**JANOS ROPER**
*Plaintiff-Appellant*

v.

**CITY OF CINCINNATI FIRE DEPARTMENT**
*Defendant-Appellee*

**On Appeal from the United States District Court
For the Southern District of Ohio, Western Division, Case No. 1:22CV652**

**BRIEF OF DEFENDANT-APPELLEE
CITY OF CINCINNATI**

Respectfully submitted,

**EMILY SMART WOERNER (0089349)
CITY SOLICITOR**

Katherine C. Baron (0092447)
Assistant City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4705
Katherine.Baron@cincinnati-oh.gov
*Counsel for Appellee- Defendant*

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTERESTS

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee makes the following disclosures:

1.  Is said party a subsidiary or affiliate of a publicly-owned corporation?

    No.

    If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

2.  Is there a publicly-owned corporation, not a party to the appeal, that has a financial interest in the outcome?

    No.

    If the answer is YES, list below the identity of such corporation and the nature of the financial interest:

/s/ Katherine C. Baron                                                    April 14, 2026___
(Signature of Counsel)                                                         (Date)

ii

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..............................................................................iv

STATEMENT CONCERNING ORAL ARGUMENT .......................................1

JURISDICTIONAL STATEMENT..................................................................1

STATEMENT OF ISSUES ...............................................................................1

STATEMENT OF CASE ..................................................................................1

    A.  Statement of the Facts ......................................................................1
    B.  Procedural Posture............................................................................3

SUMMARY OF ARGUMENT.........................................................................4

STATEMENT OF THE STANDARD OF REVIEW...........................................6

ARGUMENT .....................................................................................................6

    1.  The District Court's grant of summary judgment in favor of the City was proper as the record demonstrates that Roper was not similarly situated to the promoted individuals and both protected and nonprotected Individuals experienced technical problems during the exam...............................................................................................7

        A.  As the promoted individuals all scored higher than Roper, the District Court correctly found that Roper did not possess similar qualifications to those promoted. .........................................................8
        B.  Roper's claim that the City treated similarly situated nonprotected individuals more favorably with the promotional exam is discredited as nonprotected test-takers received the same problematic exam as Roper.................................................................................................9

CONCLUSION.................................................................................................10

CERTIFICATE OF SERVICE .......................................................................13

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ball v. Holland*, 142 Fed App'x 860, (6th Cir. 2005)..................................................6

*Brown v. Tennessee*, 693 F.2d 600, (6th Cir. 1982) ..............................................5, 6

*Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, (6th Cir. 1998)............7

*Evans v. Toys R Us Ohio, Inc.*, 2000 U.S. App. LEXIS 14076, (6th Cir.) ..............8

*Gaffney v. Potter*, 345 F. App'x 991, (6th Cir. 2009)...............................................8

*Johnson v. Metro. Govt. of Nashville & Davidson Cty.*, 502 F. App'x 523, (6th Cir. 2012)........................................................................................................8

*O'Donnell v. City of Cleveland*, 838 F.3d 718, (6th Cir. 2016) ...............................6

*Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, (6th Cir. 1994)......................7

*Troche v. Crabtree*, 814 F.3d 795, (6th Cir. 2016)...................................................6

**Statutes**

R.C. 124.46 ...................................................................................................................3

**Rules**

Fed. R. Civ. P. 56........................................................................................................6

## STATEMENT CONCERNING ORAL ARGUMENT

Although Defendant-Appellee City of Cincinnati Fire Department (hereinafter the "City") is prepared to participate, oral argument is not necessary in this case. The relevant facts are not in dispute and oral argument will not clarify the legal issues. The legal arguments are adequately presented in the briefs.

## JURISDICITIONAL STATEMENT

The City accepts the jurisdictional statement prepared by Plaintiff-Appellant Janos Roper (hereinafter "Roper").

## STATEMENT OF ISSUES

1. Whether the District Court erred when it determined that Roper failed to establish that the City treated similarly situated nonprotected individuals more favorably during the examination process where (1) Roper scored lower on the exam than the promoted individuals and (2) both protected and nonprotected individuals experienced technical issues during the examination.

## STATEMENT OF THE CASE

### A. Statement of the Facts

For purposes relevant to this appeal, the City provides the following statement of facts:

Roper who identifies as Asian, Caucasian, and African American was hired by the City of Cincinnati Fire Department as a firefighter on January 2, 2000.

1

(Complaint, R. 2, ¶¶ 20, 23; Roper Depo., R. 39, PageID # 649; CHRIS Report, R. 39-1; Interrogatory Responses, R. 39-11, PageID # 880). The City currently employs Roper as a Fire Captain. (CHRIS Report, R. 39-1).

In 2019, Roper applied for and took the District Chief promotional exam. (Compl., R. 2, ¶ 24; Roper Depo., R. 39, PageID # 669). During the promotional exam process, Roper along with five other individuals, Joseph Glisson (Male, Black), Kenneth LeMaster (Male, White), Maurice Byrd (Male, Black), Elton Britton (Male, Black), and Phillip Worsham (Male, Black) experienced technical issues. (Compl., R. 2, ¶ 24; Burks Email, R. 39-4; Burks Depo., R. 41, PageID # 1181; Interrogatory Response, R. 39-11, PageID # 888; MSJ Exhibits 1-4, R. 49-1 through R. 49-4). These issues caused the document's header to shift onto the next page and resulted in formatting problems. (IOS Response, R. 41-5). Upon investigation, Industrial/Organizational Solutions ("IOS"), the exam vendor, determined there was not a software glitch and that the best course of action was to not penalize any candidate for formatting errors during the grading process. (*Id.*; Roper Depo., R. 39, PageID # 678-679).

Once the exam process was completed, IOS created an eligible list, ranking candidates in order of their scores. (Roper Depo., R. 39, PageID # 700, 701; Eligible List, R. 39-7). Nathaniel Cash received the highest exam score and was promoted to District Chief on January 12, 2020. (Roper Depo., R. 39, PageID # 712-713; Eligible

2

List, R. 39-7; MSJ Exhibit 5, R. 49-5). Roper was ranked sixteenth. (Roper Depo., R. 39, PageID # 702; Eligible List, R. 39-7; Interrogatory Responses, R. 39-11, PageID # 888). As there were only eleven vacancies before the eligible list expired and pursuant to R.C. 124.46 the City is required to fill vacancies in rank order, Roper was not promoted to District Chief. (Roper Depo., R. 39, PageID # 702, 703; Burks Depo., R. 41, PageID # 1151; Breitfelder Depo., R. 43, PageID # 1288).

On January 27, 2020, Roper duel filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Ohio Civil Rights Commission ("OCRC") against the City of Cincinnati Fire Department which alleged that during the District Chief exam process, he was subjected to different terms and conditions of employment based solely on his race. (2020 OCRC Charge, R. 39-5). Two years later, Roper duel filed another Charge of Discrimination, but this time he alleged that the City denied him a promotion based on his race/disability and in retaliation for complaints he made. (Compl., R. 2, ¶ 111, Roper Depo., R. 39, PageID # 704-705; Interrogatory Responses, Doc. 39-11, PageID # 888; 2022 OCRC Charge, R. 39-24). Both Charges of Discrimination were dismissed, and Roper was issued Dismissal and Notice of Rights letters. (Roper Depo., R. 39, PageID # 697, 707; 2021 Right to Sue, R. 39-6; 2022 Right to Sue, R. 39-25).

**B. Procedural Posture**

3

For purposes relevant to this appeal, the City provides the following procedural posture:

On June 22, 2022, Roper brought this suit against the City in the Hamilton County Court of Common Pleas alleging that he was denied a promotion based on his race/ disability and his participation in "protected activity." (Notice of Removal, R. 1; Compl., R. 2). The City removed the case to the United States District Court for the Southern District of Ohio, Western Division on November 10, 2022 and filed a motion to dismiss. (Notice of Removal, R. 1.; Motion to Dismiss, R. 13). The City's motion was granted in part and denied in part, leaving only Roper's race, disability, and retaliation claims for the District Court to decide on summary judgment. (Order on Motion to Dismiss, R. 20).

On October 3, 2024, the City filed a motion for summary judgment arguing that the undisputed facts showed that Roper's claims were severely deficient, unsupported, and often times speculative. (Motion for Summary Judgment, R. 49). The District Court agreed and on July 31, 2025 granted the City's motion in its entirety. (Order on Motion for Summary Judgment, R. 53). On August 29, 2025, Roper timely appealed to the United States Court of Appeals for the Sixth Circuit. (Notice of Appeal, R. 56).

## SUMMARY OF ARGUMENT

The District Court's decision to grant the City's motion for summary judgment was well supported and should remain undisturbed.

While Roper's complaint alleged that he was not promoted because of his purported disability and/or in retaliation for complaints he made to management, his appeal completely fails to address the District Court's issuance of summary judgment on these claims. (*See* generally, Brief of Plaintiff-Appellant, R. 13). As such, the City will only address the District Court's decision to enter summary judgment in favor of the City on Roper's failure to promote based on race claim.

Roper has failed to identify any legal basis or rationale to support his assertion that the District Court erred when it granted the City's motion for summary judgment on Roper's failure to promote based on race discrimination claim. In order to make a prima facie case of discrimination based upon a failure to promote, the plaintiff must demonstrate that: (1) he is a member of a protected class; (2) he applied for and was qualified for a promotion; (3) he was considered for and denied the promotion; and (4) other employees of similar qualifications who were not members of the protected class received promotions at the time the plaintiff's request for a promotion was denied. *Brown v. Tennessee*, 693 F.2d 600, 603 (6th Cir. 1982). Here, the District Court correctly opined that Roper neglected to meet his burden as to the final element because (1) he scored lower on his exam than the promoted individuals and this did not have similar qualifications and (2) both protected and nonprotected

5

individuals experienced problems with their exams. (Order on Motion for Summary Judgment, R. 53, PageID # 1667-1670).

In conclusion, Roper has not properly identified any reasons the District Court erred in granting the City's motion for summary judgment and therefore, the City respectfully requests that this Court affirm the District Court's decision.

## STATEMENT OF THE STANDARD OF REVIEW

This Court reviews the District Court's grant of summary judgment *de novo*. *Ball v. Holland*, 142 Fed App'x 860, 862 (6th Cir. 2005). Summary judgment is appropriate pursuant to Fed. R. Civ. P. 56 when after viewing the evidence and drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. *Troche v. Crabtree*, 814 F.3d 795, 798 (6th Cir. 2016). However, a mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a summary judgment motion. *O'Donnell v. City of Cleveland*, 838 F.3d 718, 724 (6th Cir. 2016).

## ARGUMENT

Roper is in the unenviable position of having to argue that the District Court erred when it found that he failed to support a prima facie claim of failure to promote based on race discrimination where the record demonstrates that Roper was not

similarly situated to the promoted individuals and that both protected and nonprotected individuals experienced technical issues during their exams.

1. **The District Court's grant of summary judgment in favor of the City was proper as the record demonstrates that Roper was not similarly situated to the promoted individuals and both protected and nonprotected individuals experienced technical problems during the exam.**

The District Court's decision granting the City's summary judgment motion was well supported and proper as the record shows that Roper failed to identify a similarly situated candidate outside the protected class who was treated more favorably than him.

In order to make a prima facie case of discrimination based upon a failure to promote, Roper needed to demonstrate among other things that employees of similar qualifications who were not members of the protected class received promotions at the time his request for a promotion was denied. *Brown* 693 F.3d 600 at 603 (applying the *McDonnell-Douglas v. Green*, 411 U.S. 792 (1973)). To establish that two people are similarly situated, a plaintiff does not need to demonstrate an exact correlation with the employee receiving more favorable treatment. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). Instead, a plaintiff is simply "required to prove that all *relevant* aspects of his employment situation were 'nearly identical' to those of the non-minority's employment situation." *Id.* (quoting *Pierce v. Commonwealth Life Ins. Co.*, 40 F.3d 796, 802 (6th Cir. 1994)). "To be deemed similarly situated, the individuals with whom the plaintiff seeks to

7

compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards, and have been engaged in the same conduct." *Evans v. Toys R Us Ohio, Inc.*, 2000 U.S. App. LEXIS 14076, \*28-29 (6th Cir.) (quoting *Mitchell* at 582-83).

**A. As the promoted individuals all scored higher than Roper, the District Court correctly found that Roper did not possess similar qualifications to those promoted.**

In Roper's case the District Court found that because the promoted individuals received higher exam scores than Roper, they did not possess similar qualifications and in turn, were not similarly situated. (Order on Motion for Summary Judgment, Doc. 53, PageID # 1669). This notion is well supported within the Sixth Circuit. *See Gaffney v. Potter*, 345 F. App'x 991, 993 (6th Cir. 2009) (holding that differences in performance ratings render two employees not similarly situated); *see also Johnson v. Metro. Govt. of Nashville & Davidson Cty.*, 502 F. App'x 523, 537 (6th Cir. 2012) ("…a candidate's score is relevant in deciding whether [p]laintiffs were similarly situated to the officers that were selected for promotion. Inclusion on the eligibility roster only qualifies a candidate for promotion but did not guarantee it.").

Here, the record demonstrated that candidates took the promotional exam, their scores were evaluated, and then they were placed on the eligible list in rank order. (Roper Depo., R. 39, PageID # 669-670; Eligible List, R. 39-7). Roper scored 84.62 which ranked him sixteenth on the eligible list. (Roper Depo., R. 39, PageID # 700;

8

Eligible List, R. 39-7). Notably, the promoted candidates all scored higher than Roper. (Eligible List, R. 39-7). As such, the District Court correctly found that Roper was not similarly situated to the promoted individuals and properly issued summary judgment in the City's favor.

**B. Roper's claim that the City treated similarly situated nonprotected individuals more favorably with the promotional exam is discredited as nonprotected test-takers received the same problematic exam as Roper.**

Attempting to circumvent the District Court's finding that candidates' scores are relevant when determining whether individuals are similarly situated, Roper argues that the District Court's analysis was improper because it "failed adequately to take into account that the exam process itself was flawed."   (Order on Motion for Summary Judgment, R. 53, PageID # 1669; Appellant Brief, R. 13, Page 19). However, this is perplexing because the District Court did consider Roper's assertion that the exam was flawed and found that even when accounting for the exam issues, Roper's failure to promote claim still fell flat. (Order on Motion for Summary Judgment, R. 53, PageID # 1670).

Six candidates experienced technical issues during the examination. (Burks Email, R. 39-4). They were Joseph Glisson (Male, Black), Kenneth LeMaster (Male, White), Maurice Byrd (Male, Black), Janos Roper (Male, Black), Elton Britton (Male, Black), and Phillip Worsham (Male, Black). (*Id.*; Motion for Summary Judgment Exhibit 1-4). As a result of the issues, IOS "…determined the best course

of action would be to not penalize any candidates for formatting errors during the grading process. Assessors were explicitly instructed to ignore any formatting concerns within the document. IOS also ensured each item corresponded to the correct topic for the 11 items on the exam." (IOS Response, R. 41-5). The District Court found that this demonstrated the City treated all examinees equally. (Order on Motion for Summary Judgment, R. 53, PageID # 1669). Moreover, the District Court highlighted that both protected and nonprotected individuals alike experienced the same technical issues with the exam, thus discrediting Roper's claim that the City treated nonprotected individuals more favorably. (*Id.*, PageID # 1670). Based on this, the District Court soundly found that because Roper did not ascertain that Caucasian test takers were treated more favorably than himself, he failed to support a prima facie claim of failure to promote based on race discrimination and granted the City's summary judgment motion.

## CONCLUSION

In conclusion, the District Court did not err in granting the City's motion for summary judgment. As explained, Roper inarguably failed to demonstrate that similarly situated nonprotected individuals were treated more favorably than him when taking the District Chief promotional exam–a necessary element for a failure to promote based on race discrimination claim. Accordingly, the City respectfully requests that this Court affirm the District Court's decision.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)
Assistant City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4705
Katherine.Baron@cincinnati-oh.gov
*Counsel for Appellee- Defendant*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Brief of Defendant-Appellee is in compliance with Fed. R. App. P. 32(a). This brief contains 2,272 words, excluding those words exempted under Fed. R. App. P. 32(f), and was prepared with Microsoft Office 365, using Times New Roman font at 14-point.

*/s/ Katherine C. Baron*
Katherine C. Baron (0092447)

11

## ADDENDUM

Appellee's designation of the District Court Record from 25-cv-370

| Document Description | Docket Entry No. | Page ID |
|---|---|---|
| Notice of Removal | R. 1 | 1-3 |
| Complaint | R. 2 | 5-19 |
| Motion to Dismiss | R. 13 | 112-130 |
| Order on Motion to Dismiss | R. 20 | 521-534 |
| Roper Deposition | R. 39 | 678-679, 649, 669, 697, 699-700, 701, 702, 703, 704-705, 707, 712-713 |
| CHRIS Report | R. 39-1 | 826-827 |
| Burks Email | R. 39-4 | 848 |
| 2020 OCRC Charge | 39-5 | 849 |
| 2021 Right to Sue | R. 39-6 | 850 |
| Eligible List | R. 39-7 | 851 |
| Interrogatory Responses | R. 39-11 | 880, 888 |
| 2022 OCRC Charge | R. 39-24 | 1117-1119 |
| 2022 Right to Sue | R. 39-25 | 1120-1124 |
| Burks Deposition | R. 41 | 1151, 1181 |
| IOS Response | R. 41-5 | 1243 |
| Breitfelder Deposition | R. 43 | 1288 |
| Motion for Summary Judgment | R. 49 | 1457-1474 |
| MSJ Exhibits 1-4 | R. 49-1 through R. 49-4 | 1475-1483 |
| MSJ Exhibit 5 | R. 49-5 | 1484 |
| Order on Motion for Summary Judgment | R. 53 | 1662-1677 |
| Notice of Appeal | R. 56 | 1684 |

12

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and accurate copy of the foregoing has been filed and served electronically through the Court's ECF System on all parties this 14th day of April 2026.

***/s/ Katherine C. Baron***
Katherine C. Baron (0092447)

4925-3372-9436, v. 3

13