**CASE NO. 25-3700**

# United States Court of Appeals
## for the
## Sixth Circuit

**JANOS ROPER**

*Plaintiff-Appellant*

v.

**CITY OF CINCINNATI FIRE DEPARTMENT**

*Defendant-Appellee*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
Civil Action No. 1:22-cv-00652
Honorable Matthew W. McFarland, United States District Judge, presiding

**REPLY BRIEF OF APPELLANT**

/s/ Joshua Adam Engel
Joshua Adam Engel (OH 0075769)
ENGEL & MARTIN, LLC
4660 Duke Drive, Ste. 101
Mason, OH 45040
 (513) 445-9600
 (513) 492-8989 (Fax)
engel@engelandmartin.com

**CORPORATE DISCLOSURE**

Appellant is not a subsidiary or affiliate of a publicly owned corporation.   There is no publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome.

**TABLE OF CONTENTS**

SUMMARY OF ARGUMENT.................................................................................1

ARGUMENT ....................................................................................................2

CONCLUSION ..................................................................................................4

CERTIFICATE OF COMPLIANCE.......................................................................4

CERTIFICATE OF SERVICE...............................................................................4

## TABLE OF AUTHORITIES

<u>Cases</u>

*Bledsoe v. TVA Bd. of Dirs.*, 42 F.4th 568 (6th Cir. 2022) ............................................................3

*Gaffney v. Potter*, 345 F. App'x 991 (6th Cir. 2009) ........................................................2

*Johnson v. Metro. Govt. of Nashville & Davidson Cty.*, 502 F. App'x 523 (6th Cir. 2012) ............................2

*Strickland v. City of Detroit*, 995 F.3d 495 (6th Cir. 2021) ............................................................3

**SUMMARY OF ARGUMENT**

Appellee's focus on differential scores rather than the uniformity of the examination framework failed adequately to take into account that the exam process itself was flawed. Appellant presented evidence that non-African-American candidates who completed the examination and received higher scores had more favorable testing conditions. This is enough to create an issue of fact that may be presented to a jury.

**ARGUMENT**

Appellee argues that the "because the promoted individuals received higher exam scores than Roper, they did not possess similar qualifications and in turn, were not similarly situated." Appellee Br. at 8. Appellee makes the same error as the District Court: focusing on differential scores when the exam process itself was flawed. As noted in Appellant's Brief, the problems with the exam process on Roper's overall performance. (Roper Depo., R.39, PagedID#690; Roper Depo., R.39, PageID#677-679.)

The cases cited by Appellee do not address this type of situation. *Gaffney v. Potter*, 345 F. App'x 991, 993 (6th Cir. 2009); *Johnson v. Metro. Govt. of Nashville & Davidson Cty.*, 502 F. App'x 523, 537 (6th Cir. 2012). *Gaffney* concerned employees with different performance evaluations (not tests) and there was no allegation that the evaluation process was flawed. *Johnson* involved a system where test results were combined into a composite score, with the assessment counting for only a percentage of a candidate's score – and then when the chief prepared to promote an officer, he is given an eligibility roster that lists the seven highest-scoring candidates eligible for promotion alphabetically without disclosing scores.

Appellees make an effort to explain why the flaws in the system should be ignored, suggesting that assessors were explicitly instructed to ignore the problems, and that both protected and nonprotected individuals alike experienced the same technical issues with the exam. But that may not be the only explanation for why only two of

2

the eleven individuals promoted were minority candidates. (Roper Depo., R.39, PageID#702-703; Admissions, R. 39-11, PageID#888.) And Appellee's argument ignores the evidence in the record that these problems were "very, very damaging" to Appellant's performance. (Roper Depo., R.39, PageID#677.)

A jury may ultimately agree with Appellee, but exact comparators are often hard to come by and whether the flaws in the testing process renders the other applicants not similarly situated involves a tricky line-drawing question that juries are well-equipped to handle. *Cf. Bledsoe v. TVA Bd. of Dirs.*, 42 F.4th 568, 586 (6th Cir. 2022) ("Whether the comparison between similarly situated individuals is sufficiently relevant is itself a jury question."), *citing Strickland v. City of Detroit*, 995 F.3d 495, 514 (6th Cir. 2021). Summary judgment was not appropriate because the degree to which the problems with the exam process impacts whether others are viewed as similarly situated depends substantially on the facts and context of the case, which is a factual issue for jury. A reasonable jury could find that the testing process was so flawed that consideration in the similarly situated analysis is inappropriate. The flaws in the testing process creates a genuine issue of material fact whether, as this Court explained in *Ercegovic,* Appellant and the other employee are similar in the necessary, relevant respects. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344 (6th Cir. 1998).

## CONCLUSION

The Judgment of the District Court should be reversed and this matter remanded for further proceedings.

Respectfully submitted,

_____/s/ Joshua Adam Engel_____
Joshua Adam Engel (0075769)
ENGEL AND MARTIN, LLC
4660 Duke Drive, Suite 101
Mason, OH 45040
(513) 445-9600
(513) 492-8989 (Fax)
engel@engelandmartin.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g) and 6 Cir R. 32(a) I hereby certify that this document complies with the type-volume limitation. This document contains 553 words, excluding the portions listed in 6 Cir. R. 32(b), as calculated by Microsoft Word.

/s/ Joshua Adam Engel
Joshua Adam Engel (0075769)

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

/s/ Joshua Adam Engel
Joshua Adam Engel (0075769)

4